[No. 1102. Decided December 30, 1893.]

WASHINGTON MILL COMPANY, *Appellant*, v. CHARLES J. CRAIG *et al.*, *Respondents*.

MECHANICS' LIENS—SUFFICIENCY OF CLAIM—TERMS AND CONDITIONS OF CONTRACT.

A claim of lien sufficiently sets forth the terms and conditions of the contract under which materials were furnished when it states that certain described materials were delivered to the owner of the premises upon which lien is claimed, upon his promise to pay certain prices therefor as soon as the materials should be delivered; and the failure of the claimant to deliver the materials within a specified time agreed upon is matter of defense not affecting the contract set up by the claimant until established by the defendant.

*Appeal from Superior Court, Spokane County.*

*Prather & Danson*, for appellant.

*Feighan, Wells & Herman*, and *Brinkley & Taylor*, for respondents.

The opinion of the court was delivered by

STILES, J.— The complaint in this case contained the usual allegations of a complaint for the foreclosure of a material man's lien, showing an agreement to furnish mill work and lumber for respondent Craig's building—mill work at a gross price of $141.75, and the lumber at various prices per thousand feet, so that the whole claim amounted to $333.85.

The answer admits the furnishing of the lumber as set out in the complaint, and the ownership of the property, and then denies each and every other allegation of the complaint.

This general denial was a sham, for in succeeding portions of the answer the defendants set up a contract with the plaintiff (which estopped them to deny the existence

of the corporation), showing that all the items sued upon were agreed to be furnished, and that they were furnished for the particular building described in the complaint; but it was alleged that the agreed price of the lumber was less per thousand feet than those pleaded in the complaint (the price for mill work being conceded), and that there was delay in the delivery of a part of the materials beyond the time agreed upon. There was also a counterclaim repeating the same facts as were contained in the affirmative defense, and alleging many additional facts as a basis for a judgment for damages.

In this aspect of the case there was nothing for the plaintiff to prove at the trial, but the agreed prices of the lumber and the filing of its lien; everything else was admitted. A witness testified to the former point, and the lien was offered in evidence, but rejected, the ground of the rejection being, as the record shows, that the lien claim did not contain the "terms and conditions" of the contract. The statement in the claim is as follows:

"That claimant furnished the material set forth in the bill of particulars hereto attached and marked "Exhibit A," and hereby made a part of this claim of lien, to Charles J. Craig, and delivered the same to him . . . under and by virtue of an agreement made by said Washington Mill Company with said Charles J. Craig, which said contract was made on or about the said 8th day of November, 1892, . . . that, as a part of said agreement, said Charles J. Craig promised and agreed to pay the prices set forth and charged in said bill of particulars, so soon as said material should be delivered to said Craig."

The respondents do not appear here, but stipulate that the case be submitted on the brief of the appellant, showing great confidence in their position, which the court below sustained. It is perhaps unfortunate that the case should not have been briefed on the other side, for we may be committing grave error in making a decision while thus unad-

vised. But, having examined the pleadings, the lien claim and the evidence, from what seems to us every possible standpoint, we are unable to see wherein the claim fails to state any material part of the contract, either as pleaded or proven. It says that the respondent Craig promised to pay for the materials described, at certain prices, upon delivery, and that there was a delivery, which was the substance of the contract as pleaded and proved. It is true that the answer sets up an agreement to deliver within three weeks, and the failure of appellant to keep that part of the contract; but that is matter of defense, and, until this defense is established, the contract appears to be as claimed by the appellant.

Judgment reversed, and cause remanded for a new trial.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.